Matthew B. Hippler, Esq.
Nevada Bar No. 7015
mhippler@hollandhart.com
Stephan J. Hollandsworth, Esq.
Nevada Bar No. 10085
sjhollandsworth@hollandhart.com
Holland & Hart LLP.
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone: (775) 327-3000
Facsimile:  (775) 786-6179
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SIERRA NEVADA CORPORATION, a Nevada Corporation, | CASE NO. |
| Plaintiff, | |
| vs. | |
| DIGIBEE MOBILE LTD., a foreign company, | |
| Defendant. | |

**COMPLAINT**

Plaintiff, Sierra Nevada Corporation ("SNC"), for its Complaint against Defendant, DIGIBEE MOBILE LTD., a foreign company, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. SNC is a Nevada corporation in good standing, and its principal place of business is located in Sparks, Nevada.

2. Upon information and belief, Defendant, DigiBee Mobile Ltd. ("DigiBee"), is a foreign company, and its principal place of business is located in Indiranagar, Bangalore, India.

3. This Court has diversity jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §1332(a).  The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

4. SNC is a corporation engaged in the business of, among other things, designing, developing and providing mobile networks and equipment.

5. One component of SNC's mobile equipment line is the C4N WiZRD Smart Phone.

6. Upon information and belief, DigiBee is in the business of distributing mobile devices.

7. In May 2010, the parties reached a formal agreement for DigiBee to purchase from SNC 2,000 WiZRD Smart Phones to distribute in India. The terms of the agreement were set forth in a Purchase Order and a document entitled "DigiBee Mobile Ltd. Terms and Conditions" ("Terms and Conditions") that was incorporated therein (collectively, the "Agreement").

8. Under the Purchase Order, DigiBee agreed to pay SNC $500.00 for each phone for a total of $1,000,000.00. The Purchase Order further set forth that DigiBee agreed to remit the $1,000,000.00 purchase price to SNC within 90 days from the date that SNC delivered the WiZRD Smart Phones to it.

9. Under the Terms and Conditions, the parties agreed that Nevada law governed the Purchase Order and the parties' performance thereof.

10. The Terms and Conditions included a provision specifying that, unless the parties executed a signed, written modification or amendment of the Purchase Order, the Purchase Order represented the parties' entire agreement.

11. Thereafter, SNC delivered 2,000 WiZRD Smart Phones to DigiBee in August 2010.

12. Although DigiBee agreed to remit the $1,000,000.00 purchase price to SNC within 90 days of receiving the WiZRD Smart Phones, to date, DigiBee has refused to fulfill its payment obligation to SNC, thereby breaching the parties' Agreement.

13. SNC was compelled to retain an attorney to pursue its rights in this matter, and SNC is entitled to recover its attorney's fees and costs as permitted by law.

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

14. SNC restates and incorporates by reference paragraphs 1 through 13 above.

15. The Agreement executed by SNC and DigiBee is a valid and binding contract.

16. SNC fulfilled all of its obligations pursuant to the Agreement.

17. DigiBee breached the Agreement by failing to pay $1,000,000.00 to SNC within 90 days of SNC's delivery of 2000 WiZRD Smart Phones to it.

18. As a result of DigiBee's breach, SNC has been damaged in an amount not less than $1,000,000.00.

19. Under the Agreement, SNC is entitled to judgment against DigiBee for $1,000,000.00, plus interest at the legal rate.

## SECOND CLAIM FOR RELIEF

### (Breach of the Covenant of Good Faith and Fair Dealing)

20. SNC restates and incorporates by reference paragraphs 1 through 19 above.

21. The Agreement contained an implied covenant of good faith and fair dealing, and this covenant was triggered upon the parties entering the Agreement.

22. Subsequent to the creation of the Agreement, DigiBee acted unfaithfully to the purpose of it by failing to pay for the 2,000 WiZRD Smart Phones that SNC delivered to DigiBee.

23. DigiBee's actions have been conducted in bad faith in that said actions were made unreasonably and with knowledge that there was no reasonable basis for DigiBee's failure to comply with the terms of the Agreement.

24. As a result of DigiBee's actions, SNC's justified expectations of the parties' Agreement have been denied.

25. Based on the foregoing, SNC is entitled to judgment against DigiBee for $1,000,000.00, plus interest at the legal rate.

///

///

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

### THIRD CLAIM FOR RELIEF

(Unjust Enrichment)

26. SNC restates and incorporates by reference paragraphs 1 through 25.

27. By entering into the Agreement, SNC conferred a benefit on DigiBee that has a value beyond any reimbursement provided by DigiBee.

28. The circumstances under which SNC conferred the benefit on DigiBee is such that it was reasonable for SNC to expect and anticipate that SNC would be reimbursed by DigiBee for the benefit conferred.

29. The value of the benefit conferred on DigiBee by SNC for which it has failed to reimburse SNC is $1,000,000.00.

30. It would be unjust and inequitable for DigiBee to be allowed to retain the benefit that was conferred on it without reimbursement of the value to SNC.  SNC is entitled to an order of the Court granting judgment in the sum of the value conferred for which reimbursement was not provided as alleged herein.

WHEREFORE, SNC respectfully requests judgment against DigiBee as follows:

1. For judgment in favor of SNC and against DigiBee for general and compensatory damages in an amount of $1,000,000.00, plus interest at the legal rate;

2. For judgment in favor of SNC and against DigiBee in an amount to be determined at trial due to DigiBee's breach of the Agreement as set forth herein;

3. For attorney's fees and costs of suit as permitted by law;

4. For pre-judgment and post-judgment interest as permitted by law; and

5. For such additional relief as the Court shall deem proper.

DATED this 14th day of December, 2011.

/s/ Matthew B. Hippler
Matthew B. Hippler, Esq.
Stephan J. Hollandsworth, Esq.
Holland & Hart LLP.
5441 Kietzke Lane, Second Floor
Reno, Nevada  89511
Telephone: (775) 327-3000
Facsimile:  (775) 786-6179
Attorneys for Plaintiff

Holland & Hart LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

5258719_1.DOC