UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| SIERRA NEVADA CORPORATION, a Nevada Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 3:11-CV-00893-LRH-VPC |
| v. | ) ) | |
| DIGIBEE MOBILE LTD., a foreign company, | ) ) | ORDER |
| Defendant. | ) ) ) | |

Before the court is Plaintiff Sierra Nevada Corporation's ("SNC") Motion for Entry of Default Judgment Against Defendant Digibee Mobile Ltd. ("Digibee") (#7[1]).

**I.   Facts and Procedural History**

On December 14, 2011, SNC filed this diversity action against Digibee for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. (Complaint (#1).) SNC alleges that in May 2010 it contracted with Digibee for the sale of 2,000 WiZRD Smart Phones for distribution to India. Digibee agreed to a purchase price of $500.00 per phone, totaling $1,000,000.00, and to remit the purchase price to SNC within 90 days from the date of delivery. SNC delivered the phones in August 2010, but Digibee has failed to pay the purchase price.

---

[1] Refers to the court's docket number.

Digibee did not file an answer to the complaint after being properly served.  (*See* Summons (#4).)  SNC obtained a clerk's entry of default against Digibee (#6) and now moves for entry of default judgment.  SNC seeks the principal sum of $1,000,000.00; prejudgment interest of $4,458.90 though January 20, 2012, plus $143.84 per day until entry of judgment, *see* NRS § 17.130; costs of $466.00; and post-judgment interest, *see* 28 U.S.C. § 1961.

**II.    Discussion**

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55.  *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Second, after the clerk enters default, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true.  Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right."  *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted).  Instead, whether a court will grant a default judgment is in the court's discretion.  *Id.*  (citations omitted).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy favoring decisions on the merits.  *Eitel*, 782 F.2d at 1471-72.

The court has reviewed the documents and pleadings on file in this matter and finds that the

*Eitel* factors support entering a default judgment in this action. First, plaintiffs will be severely prejudiced if a default judgment is not entered because corporate defendant Digibee has shown an unwillingness to appear in this action. Second, plaintiffs' claims are sufficiently pled and support their requested relief. Third, the amount of money at issue in this action is directly related to the underlying purchase agreement and is easily quantified. Fourth, there is no excusable neglect for Digibee's failure to participate in this action. Finally, although public policy favors a resolution on the merits, the court finds that a default judgment is warranted in light of the other *Eitel* factors and the fact that Digibee's unwillingness to participate precludes resolution on the merits.

SNC is therefore entitled to judgment in the principal amount of $1,000,000.00, plus accrued pre-judgment interest of $17,404.11 from the date of the complaint through April 13, 2011, and costs of $466.00.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (#7) is GRANTED. The Clerk of the Court shall enter judgment against Defendant Digibee Mobile Ltd., and in favor of Plaintiff Sierra Nevada Corporation in the amount of $1,017,870.11.

IT IS SO ORDERED.

DATED this 13th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3